# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TEMORIS TAYLOR,**
        Petitioner,

    v.                                Case No. 12-CV-00748

**MARC CLEMENTS, Warden,**
**Fox Lake Correctional Institution,**
        Respondent.

---

## DECISION AND ORDER

Pro se petitioner Temoris Taylor filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently incarcerated at Kettle Moraine Correctional Institution. To state a claim for habeas relief under § 2254, petitioner must allege that he is in custody in violation of "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Respondent moves to dismiss the petition arguing that petitioner fails to state a claim for relief under federal law.

The facts are as follows: On October 11, 2006, petitioner was convicted in Milwaukee County Circuit Court of a hit and run involving great bodily harm under Wis. Stat. § 346.67(1). He was given a bifurcated sentenced consisting of three years initial confinement and four years extended supervision. He completed his initial confinement and was released onto extended supervision on July 7, 2009.

On February 21, 2011, petitioner received a call from a friend, Kristina Martinez, who said Miguel Malave had just beaten her and that he was still at her house. Petitioner contacted Marco Jelinski, Martinez's ex-boyfriend, and the two of them went to her house

to intervene. Petitioner consumed alcohol before visiting the house and brought a BB gun with him. He threatened Malave with this gun, and shortly thereafter Jelinski stabbed Malave 26 times. Petitioner says he had no idea Jelinski was going to stab Malave and did not know about the stabbing until after it occurred, but the police charged him with conspiracy to commit substantial bodily harm under Wis. Stat. §§ 939.91, 940.19(2). He entered a no-contest plea and was sentenced to six months incarceration.

Based on this incident, the Wisconsin Department of Corrections ("DOC") recommended that petitioner's extended supervision be revoked. An administrative law judge ("ALJ") with the Wisconsin Division of Hearings and Appeals agreed. The ALJ found that petitioner had violated the terms of his supervision by consuming alcohol, possessing a firearm, using a firearm to threaten someone, and engaging in reckless behavior that resulted in great bodily harm. He ordered petitioner reconfined for all of the time remaining on his bifurcated sentence, which added up to four years and six days. On appeal, the Division Administrator, David Schwarz, affirmed the revocation and reconfinement. Petitioner sought certiorari review in the Milwaukee County Circuit Court, but that court denied relief.

The petition presents two claims for relief. First, petitioner claims his sentence upon revocation was too long. He argues that it was unreasonable for the ALJ to put him back in prison for four years because the sentence for his second conviction was only six months, his involvement in the stabbing was minimal, and guidelines issued by the DOC recommended that he receive only 60% of the time remaining on his bifurcated sentence. Second, he claims he was denied his Sixth Amendment right to effective assistance of counsel at the revocation hearing because his attorney failed to call Jelinski and Martinez

to testify. He says they would have corroborated his testimony that he had nothing to do with the stabbing.

I will deny the motion to dismiss because respondent's brief only addresses petitioner's first claim related to the length of his sentence and not the second claim related to ineffective assistance of counsel. Assuming that this second claim is valid, the petition states a federal claim.

**THEREFORE, IT IS ORDERED** that respondent's motion to dismiss for failure to state a federal claim (Docket #15) is **DENIED**.

**IT IS FURTHER ORDERED** that within **30 days** of the date of this order respondent shall **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petition: (1) respondent shall file his **brief in opposition to the petition** along with his answer, and (2) petitioner shall have **45 days** following the filing of respondent's answer and brief in opposition within which to file a **reply brief in support of the petition**.

Pursuant to Civil L.R. 7(f), the briefs in support of or in opposition to the petition must not exceed thirty pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin, this 24th day of July 2013.

s/ Lynn Adelman
LYNN ADELMAN
District Judge