# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TEMORIS TAYLOR,**
    Petitioner,

  v.            Case No. 12-CV-00748

**MARC CLEMENTS, Warden,**
**Fox Lake Correctional Institution,**
    Respondent.

---

## DECISION AND ORDER

  Pro se petitioner Temoris Taylor filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently incarcerated at Felmers O. Chaney Correctional Center. On October 11, 2006, petitioner was convicted in Milwaukee County Circuit Court of a hit and run involving great bodily harm under Wis. Stat. § 346.67(1). He was given a bifurcated sentenced consisting of three years initial confinement and four years extended supervision. He was released onto extended supervision on July 7, 2009, but his extended supervision was revoked on May 26, 2011. Petitioner claims this revocation was unconstitutional.

  The relevant facts are as follows: On February 21, 2011, petitioner received a call from a friend, Kristina Martinez, who said Miguel Malave had just beaten her and that he was still at her house. Martinez also contacted Marco Jelinski, her ex-boyfriend, and petitioner and Jelinski went to her house to intervene. Petitioner consumed alcohol before visiting the house and brought a BB gun with him. He threatened Malave with this gun, and shortly thereafter Jelinski stabbed Malave 26 times. Petitioner says he had no idea Jelinski

was going to stab Malave and was not in the room at the time of the stabbing. The police arrested petitioner and charged him with conspiracy to commit substantial bodily harm under Wis. Stat. §§ 939.91, 940.19(2). He entered a no-contest plea on December 7, 2011 and was sentenced to six-months incarceration.

Based on this incident, the Wisconsin Department of Corrections ("DOC") recommended that petitioner's extended supervision be revoked. At the revocation hearing, petitioner was represented by Attorney Jaqueline Rogers and the DOC was represented by agent Carmen Gutter. Petitioner admitted that he had violated his Rules of Community Supervision by consuming alcohol, possessing a firearm and using the firearm to threaten someone. But he denied the fourth allegation against him, which stated that he had engaged in reckless behavior that caused great bodily harm to a victim. On May 26, 2011, the administrative law judge ("ALJ") issued his decision. He stated that he was accepting petitioner's version of the events leading up to the stabbing because there was no other evidence in the record, and noted that "all indications are that one Marco Jelinski was the man who actually inflicted all of the stab wounds." (Answer to Pet., Ex. 3, ECF No. 21-3.) However, he found that petitioner's admission that he had accompanied Jelinski to Martinez's home to confront Malave, brought a BB gun with him and threatened Malave with the gun shortly before the stabbing him provided sufficient evidence to prove that petitioner had engaged in reckless behavior that caused great bodily harm to Malave. The ALJ noted that petitioner's actions were "part and parcel of the events that resulted in the serious bodily injury inflicted on Malave by Jelinski." (*Id.*) He ordered petitioner reconfined for all of the time remaining on his bifurcated sentence, which added up to four years and

six days. Petitioner appealed, and the Division Administrator, David Schwarz, sustained the decision to revoke and reconfine petitioner on June 28, 2011.

Several months later, petitioner sent a letter to the ALJ asking for a new revocation hearing and a reduction in the period of reconfinement. As the basis for his request, he asserted that "the person responsible for the stabbing incident that led to the revocation action has pled guilty to that crime," and he provided the ALJ with a letter from Jelinski stating that Jelinski was the one responsible for the stabbing. (Br. in Supp. of Habeas Pet., Ex. 4, ECF No. 23-1.) Wayne Wiedenhoeft, Director of the Milwaukee Office for the Division of Hearings and Appeals responded on February 9, 2012. He denied petitioner's request because the ALJ "found that you were party to the stabbing, not that you actually did the stabbing," and the decision "also cited your admitted violations of possession of a BB gun, threatening behavior and use of alcohol as justification for your revocation and confinement." (*Id.*) Thus, Wiedenhoeft concluded that the fact that Jelinski had admitted to stabbing Malave would not change the outcome of the revocation hearing.

Wisconsin law allows a defendant to seek review of a decision of the Division of Hearings and Appeals by filing a petition for a writ of certiorari with the circuit court within 45 days of the decision. Wis. Stat. § 893.735(2). On March 20, 2012, petitioner filed a petition for certiorari review in Milwaukee County Circuit Court seeking review of the ALJ's decision. He asked for a reduction of his sentence. He conceded that his petition was untimely but argued that it was untimely because his attorney had promised to file a petition on his behalf and he had only recently discovered that she had failed to do so. He asked the court to reduce his sentence based on newly discovered evidence. He stated:

> The record will show that Jelinski pled guilty to the crime that ultimately led to my revocation. Although I was present at the scene of the crime, I had no participation or any prior knowledge that a crime was to occur . . . . To support my claim, Jelinski has agreed to testify to this effect in addition to the testimony of Kristina Martinez. . . . It is unfortunate that with the amount of time that Jelinski had been facing during my revocation hearing, he elected to avoid taking responsibility for his crime, thus having an egregious effect upon the decision to revoke my revocation.

(Response to Petition, Ex. 5, ECF No. 21-5.) The circuit court informed petitioner that if he wished to raise a claim for ineffective assistance of counsel he needed to file a petition for a writ of habeas corpus. And it rejected his claim for sentence modification on the basis of newly discovered evidence because the ALJ had found that petitioner "was a party to the stabbing, not that he actually did the stabbing." (Response to Petition, Ex. 6, ECF No. 21-6.) Thus, evidence that Jelinski had confessed and pled guilty to the stabbing would not change the ALJ's ruling. Petitioner did not seek any further relief in state court.

Petitioner presents two claims for relief in his habeas petition. First, he claims his sentence upon revocation was too long. He argues that it was unreasonable for the ALJ to put him back in prison for four years when the sentence for his second conviction was only six months, his involvement in the stabbing was minimal, and guidelines issued by the DOC recommended that he receive only 60% of the time remaining on his bifurcated sentence. Second, he claims he was denied his Sixth Amendment right to effective assistance of counsel at the revocation hearing because his attorney failed to call Jelinski and Martinez to testify. He says they would have corroborated his testimony that he had nothing to do with the stabbing.

A petitioner can seek a writ of habeas corpus under § 2254 if he is "in custody pursuant to the judgment of a State court" and that custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But a federal court cannot grant

4

an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." *Id.* § 2254(b). Petitioner does not appear to have exhausted his remedies in this case. Regardless, I can deny his claims on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Although petitioner does not cite to any federal law, I construe his first claim as a claim that his sentence violated the Eighth Amendment because it was excessive.[1] The Eighth Amendment contains "a 'narrow proportionality principle,'" but this principle "'forbids only extreme sentences that are grossly disproportionate to the crime.'" *Graham v. Florida*, 130 S. Ct. 2011, 2021 (2010) (*quoting Harmelin v. Michigan*, 501 U.S. 957, 997, 1000–01 (1991) (Kennedy, J., concurring in part and concurring in judgment)). To determine whether a sentence is grossly disproportionate, a court must compare the gravity of the offense and the severity of the sentence. *Id.* at 2022. "'In the rare case in which [this] threshold comparison . . . leads to an inference of gross disproportionality' the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with sentences imposed for the same crime in other jurisdictions." *Id.* (*quoting Harmelin*, 501 U.S. at 1005).

Here, Wis. Stat. § 302.113(9)(am) prescribed the limits for petitioner's sentence upon revocation. It stated that the period of reconfinement could not exceed "the total

---

[1] To the extent that petitioner claims his sentence violates state law, he has not stated a claim for federal habeas relief because he is not claiming that his custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

5

length of the bifurcated sentence, less time served by the person in confinement under the sentence before release to extended supervision . . . and less all time served in confinement for previous revocations of extended supervision under the sentence." *Id.* Petitioner does not contend that his period of reconfinement exceeded this limitation. He simply argues that the ALJ erred by requiring petitioner to serve the full amount of time remaining on his sentence instead of only 60%, or about 28 months. The sentence petitioner actually received was for four years, or 48 months. This 20-month difference is clearly insufficient to establish a violation of the Eighth Amendment. *See Ewing v. California*, 538 U.S. 11, 28–30 (2003) (affirming sentence of 25 years to life for felony grand theft of three golf clubs); *Hutto v. Davis*, 454 U.S. 370, 370–71 (1982) (rejecting Eighth Amendment challenge to a term of 40 years imprisonment for possession and distribution of nine ounces of marijuana).

Petitioner's second claim is that he received ineffective assistance of counsel during his revocation hearing. To prevail on this claim, petitioner must first show that he had a constitutional right to counsel during the hearing. A defendant has a constitutional right to counsel during a revocation hearing "only if the denial of counsel would violate due process of law, which ordinarily will be true if the defendant makes a colorable claim '(I) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate.'" *U.S. v. Eskridge*, 445 F.3d 930, 932 (7th Cir. 2006) (*quoting Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). If petitioner had a right to counsel, he must also show that his counsel was

ineffective. To do this, he must prove (1) that his attorney's conduct fell below an objective standard of reasonableness, and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Wash.*, 466 U.S. 668, 687–92, 694 (1984). When evaluating the first prong of this test, a court must consider counsel's performance from the perspective of counsel at the time of the alleged error, and there is a strong presumption that counsel's conduct was reasonable. *Id.* at 689–90.

It is not clear whether petitioner had a right to counsel at his revocation hearing because he admitted three of the four allegations against him. However, even assuming he had a right to counsel, his claim fails because he has not shown that his counsel was ineffective. Petitioner claims his counsel was ineffective because she did not call either Jelinski or Martinez to testify, but he has not presented any evidence that these witnesses would have helped his case. Petitioner claims Jelinski and Martinez would have corroborated his testimony that he had nothing to do with the stabbing. But the DOC did not contend that petitioner had stabbed Malave, and the ALJ stated that he was accepting petitioner's version of the events, including his claim that he did not participate in the stabbing. Because the ALJ accepted petitioner's version of events, Jelinski and Martinez's corroborating testimony was unnecessary. Thus, petitioner has not shown that it was objectively unreasonable for his attorney to decide not to call Jelinski and Martinez or that there is a reasonable probability that the outcome of the proceeding would have been different if they had testified.

Since both of petitioner's claims fail on the merits, I will deny his petition for a writ of habeas corpus.

**THEREFORE, IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The clerk shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2). Therefore, I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 27th day of May 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge